**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| | : | |
| **v.** | : | **Criminal Case No.: 02:26CR00029-001** |
| | : | |
| | : | |
| **JOSEPH DOWNING BARNES, JR.** | : | |
| **Defendant.** | : | |

**POSITION OF DEFENDANT**
**WITH RESPECT TO SENTENCING FACTORS**

COMES NOW, the defendant, Joseph Downing Barnes, Jr., by and through counsel, and files this Position On Sentencing pursuant to the Federal Rule of Criminal Procedure 32, § 6A1.2 of the advisory United States Sentencing Guidelines ("USSG" or "Guidelines") and the Sentencing Procedure Order. The defendant identifies as a transgender female and uses the name Jade, and for the purpose of this sentencing memorandum will be referenced as Ms. Barnes, and will be identified using the pronouns she and her. Counsel has received and reviewed the Presentence Report ("PSR") with the defendant and respectfully states that there are no objections to the PSR that would affect the advisory guidelines. The defendant agrees with the government and Probation that the total offense level is 40, and with a criminal history category of II, with an advisory guideline range between 324 months to 405 months. The defendant submits that a sentence even at the low end of the guideline range is far greater than necessary to reflect the sentencing factors listed in 18 U.S.C. § 3553(a). The defendant concurs with the government's position that a sentence of 25 years will adequately serve to punish the defendant and, when followed by a term of supervised release, is more

than sufficient to serve the deterrent and rehabilitative goals of sentencing and such a sentence is sufficient, but not greater than necessary, to satisfy the sentencing factors outlined in 18 U.S.C. §3553(a).

## BACKGROUND

The defendant was named in a Six-Count Indictment filed in the Eastern District of Virginia, on March 11, 2026. Counts One and Two of the Indictment charge Barnes with Production of Child Pornography in violation of 18 U.S.C. § 2251(a) and 2, on or about June 19, 2025, and July 23, 2025. Counts Three through Six charged Ms. Barnes with Transportation of Child Pornography in violation of 18 U.S.C. § 2252A(a)(1) and 2, between on or about April 23, 2025, and October 20, 2025; June 19, 2025, and October 20, 2025; sometime before on or about October 23, 2025; and between on or about July 23, 2025, and October 20, 2025. Criminal Forfeiture is cited with 18 U.S.C. § 2253.

The defendant immediately accepted responsibility for her behavior and cooperated with authorities. On May 14, 2026, pursuant to a written plea agreement, the defendant pled guilty to Count One of the Indictment. At that time, the defendant's plea was accepted and the Court continued the sentencing pending the completion of a presentence report.

## THE APPROPRIATE SENTENCE IN THIS CASE

The mandate of §18 U.S.C. §3553(a) is for the Court to "impose a sentence sufficient, but not greater than necessary," to comply with the purposes of sentencing set forth in the second paragraph of that same statute. In Rita v. United States, the Court summarized the factors:

> (1)offense and offender characteristics; (2) the need for a sentence to reflect the basic aims of sentencing, namely, (a) "just punishment" (retribution), (b) deterrence, (c) incapacitation, (d) rehabilitation; (3) the sentences legally available; (4) the Sentencing Guidelines; (5) Sentencing Commission policy statements; (6) the need to avoid unwarranted disparities; and (7) the need for restitution.

*Rita v. United States*, 551 U.S. 338, 347-48 (2007). Since the Supreme Court issued its decision in *United States v. Booker*, 543 U.S. 220 (2005), courts across the country have recognized that there is no presumption favoring the guidelines in the district court. As stated in *Rita*, "the sentencing court does not enjoy the benefit of a legal presumption that the guideline sentence should apply." 551 U.S. at 351. Thus, there is "no thumb on the scale in favor of a guideline sentence." *United States v. Wachowiak*, 496 F.3d 744, 749 (7th Cir. 2007). See also *United States v. Glover*, 431 F.3d 744, 752-753 (11th Cir. 2005); *United States v. Rita*, 551 U.S. at 367 (Stevens, J. concurring) ("I trust that those judges who have treated the guidelines as virtually mandatory during the post-Booker interregnum will now recognize that the guidelines are truly advisory."). Rather, the guideline range serves as the "starting point and the initial benchmark" for the Court's sentencing decision. *Kimbrough v. United States*, 552 U.S. 85, 108 (2007). Additionally, the Supreme Court has specifically ruled that, in balancing the 3553(a) factors, a judge may reason that, in the particular case, a within-guidelines sentence is greater than necessary to serve the objectives of sentencing. Id. at 564. See *Rita v. United States*, 127 S. Ct. 2456, 2465 (2007) ("a district court may consider arguments that the guidelines sentence itself fails properly to reflect 3553(a) considerations, or [that] the case warrants a different sentence regardless.") In every single case, the directions given to the court at sentencing instruct the sentencing court to consider all the 3553(a) factors, not just the guidelines, in fashioning a sentence that is sufficient but not greater than necessary to meet the goal of sentencing. The Court "must make an individualized assessment based on the facts presented." *Gall v. United States*, 552 U.S. 38, 50 (2007). "It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the

crime and the punishment to ensue." Id., at 52, (quoting *Koon v. United States*, 518 U.S. 81, 98, (1996)). Taking careful consideration of the § 3553 factors, Ms. Barnes requests the Court to sentence her to a term of 25 years of active incarceration followed by a term of supervised release. Such a sentence would be sufficient but not greater than necessary to meet the goal of sentencing.

## HISTORY AND CHARACTERISTICS OF THE DEFENDANT

The Court must consider the defendant's crime not in a vacuum but considering her entire life. The defendant was born in Cleveland, Ohio. The defendant's parents separated soon after the defendant's birth and the defendant and her two older sisters lived with her father and paternal grandmother. The defendant's father was later incarcerated and the children remained with her paternal grandmother. The defendant was sexually abused at approximately age 6 by her paternal uncle, who was 18 or 19 at the time and living in the same household. She has described the abuse as including anal intercourse, oral intercourse, and fondling. When she disclosed the abuse roughly a year later, her grandmother physically confronted the uncle but did not report the abuse to authorities, and the uncle continued to live in the home (PSR ¶¶ 71).

At age 9, the defendant moved to Virginia. The defendant states that her mother was an alcoholic and drug abuser who was physically abusive. The family moved repeatedly, staying with relatives and friends in unstable environments. At age 12, the defendant stated they were forced to live in a "crack house" with her mother and sisters (PSR ¶¶ 72). At age 14, the defendant was hospitalized at Children's Hospital of The King's Daughters after jumping from a second-story shed and rupturing her spleen (Grade III splenic laceration with traumatic pancreatitis). Child Protective Services was consulted at discharge due to concerns about the home environment (PSR ¶¶ 73, 85). At 14 or 15, Ms. Barnes was hospitalized for approximately three weeks after telling school officials

she intended to kill herself (PSR ¶¶ 87). At age 15, after being placed on restriction by her stepfather, the defendant was told that she and her siblings could avoid further punishment if she engaged in sexual acts with him. The defendant stated that she performed oral sex on him and that he performed anal sex on her in exchange for the punishment being lifted (PSR ¶¶ 74). Ms. Barnes began drinking at 14 and drank daily until her 2016 arrest, and used marijuana at age 16. At age 17, the defendant began a sexual relationship with a 56-year-old long-haul truck driver and traveled across the country with him; he ended the arrangement and returned her to Virginia only when she was about to turn 18 (PSR ¶¶ 75). Beginning at age 20, the defendant admits to using benzodiazepines approximately weekly until the day of her 2016 arrest (PSR ¶¶ 94, 95, 96).

Records reflect the defendant's documented full-scale IQ score of 73, which is within the borderline range. The defendant also suffers from extremely weak social comprehension and very poor judgment in social situations. She was approved for special education services at age 13 (PSR ¶¶ 101). She was expelled from school after the 8th grade following an escalating disciplinary history that itself reflects the instability in her life. She later obtained her GED while in Bureau of Prisons custody in 2019 (PSR ¶¶ 100, 102, 103).

At age 20, she began treatment at Colonial Behavioral Health for panic attacks and generalized anxiety disorder, reporting anxiety attacks up to three times per day, mood swings, and a persistent sense of derealization. She was self-medicating with alcohol and using another person's prescription of Seroquel for insomnia at the time (PSR ¶¶ 88).

A forensic psychological evaluation conducted in 2016 produced the following diagnostic impressions: Posttraumatic Stress Disorder; Generalized Anxiety Disorder, by history; Panic Disorder, by history; Alcohol Use Disorder, moderate, in sustained remission in a controlled

environment; Attention Deficit Hyperactivity Disorder, combined type; and Unspecified Paraphilic Disorder, with pedophilic disorder to be ruled out (PSR ¶¶ 90).

Ms. Barnes reports that her father was a diagnosed schizophrenic and alcoholic who was physically abusive to her. Her paternal grandmother was an alcoholic. Her mother suffers from anxiety and depression, and two of her sisters have been diagnosed with bipolar disorder (PSR ¶¶ 77, 78).

The defendant's sister, Christina Barnes, independently confirmed to the probation officer that their childhoods "were plagued with abuse." Ms. Barnes stated that her siblings were forced to fend for themselves, and that the family was "always... extremely poor" (PSR ¶¶ 80).

## NEED FOR THE SENTENCE IMPOSED TO REFLECT THE SERIOUSNESS OF THE OFFENSE AND DETER CRIMINAL CONDUCT

As the Court is well aware, there are two forms of deterrence to consider. On the one hand there is the need to deter the specific defendant from repeating the criminal conduct for which they are before the Court. On the other hand, there is the need to deter the general public from being tempted to undertake similar unlawful behaviors. Ms. Barnes recognizes and acknowledges the seriousness of her conduct. She pled guilty for her role in the offense, saving the government the time and expense of a lengthy trial. Additionally, she demonstrated acceptance of responsibility for her role in the offense and expressed remorse for her involvement. Sentencing Ms. Barnes to a period of incarceration for a term of 25 years would specifically and generally deter her from committing further crimes. With a 25 year sentence, Ms. Barnes will have more than enough time to obtain mental health treatment, substance abuse treatment, vocational training, and will be approximately 58 years of age. At that point, she will have spent more than half of her life in the custody of the BOP.

NEED TO PROVIDE EDUCATIONAL OR VOCATIONAL TRAINING, MEDICAL CARE, OR CORRECTIONAL TREATMENT TO DEFENDANT

Ms. Barnes would benefit from sex-offender specific treatment given she has suffered from a long cycle of abuse in which early, severe, and repeated sexual victimization by adults in positions of trust or authority has contributed to her distorted sexual development. Additionally, Ms. Barnes would benefit from continued substance abuse treatment and educational or vocational training.

CONCLUSION

Taking into consideration the 18 U.S.C. §3553 factors, and for the reasons set forth herein the defendant concurs with the government's position and request the imposition of the minimum mandatory sentence of 25 years. Such a sentence is sufficient but not greater than necessary to address the factors set forth in 18 U.S.C. §3553(a).

Respectfully submitted,

/s/

Michael P. Jones
Attorney for Defendant
Virginia State Bar No. 36164
MICHAEL P. JONES, P.C.
11847 Canon Boulevard, Suite 1
Newport News, Virginia 23606
Tel.: (757) 873-2333
Fax: (757) 873-5522 fax
Email: mjones@michaelpjonespc.com

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 8th day of September, 2026, a true and correct copy of the above and foregoing Defendant's Position with Respect to Sentencing Factors was electronically filed with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Joseph L. Kosky, Esquire
Assistant United States Attorney
101 West Main Street
Suite 8000
Norfolk, Virginia 23510
(757) 441-6331
Joseph.Kosky@usdoj.gov

I further certify that on this 8th day of September, 2026, I caused a true and correct copy of the foregoing to be delivered to the following:

Kristie M. Milby
Supervisory United States Probation Officer
827 Diligence Drive, Suite 210
Newport News, Virginia 23606
757 223-4661
kristie_milby@vaep.uscourts.gov

/s/
Michael P. Jones
Attorney for Defendant
Virginia State Bar No. 36164
MICHAEL P. JONES, P.C.
11847 Canon Boulevard, Suite 1
Newport News, Virginia 23606
Tel.: (757) 873-2333
Fax: (757) 873-5522 fax
Email: mjones@michaelpjonespc.com